LOTTINGER, Judge.
This is a suit by John and Maybelle Esto-pinal Hebert for a declaratory judgment to have a road declared a private road, and for a permanent injunction enjoining the defendants, Peter and Mary Ann Ferran Rudesill and the St. Tammany Parish Police Jury, from using the roadway and tearing down plaintiffs’ fencing. The defendants, Rudesills, reconvened for damages. From a judgment dismissing plaintiffs' suit, plaintiffs have appealed.
The road in question was built in July, 1972, by the St. Tammany Parish Police Jury on property owned by Charles F. Spe-dale. It is apparent from the record that the police jury did not have a right of way, but it did have permission of the property owner. This road allowed other property of Mr. Spedale access to Louisiana Highway No. 41. On October 16, 1973, defendant, Rudesill, purchased a certain parcel of ground from Mr. Spedale and commenced using this roadway as an access drive to La. 41. Rudesill and the police jury contend that the Parish of St. Tammany has continuously maintained this roadway for an excess of three years, thus making it a public road under La.R.S. 48:491.
On June 30, 1975, plaintiffs purchased a parcel of ground from Mr. Spedale and others, which parcel includes the location of the roadway. In a letter dated June 30, 1975, but admittedly not delivered to the Police Jury of St. Tammany Parish on that date, but some time later, plaintiffs objected to the maintenance of the roadway. This letter was apparently misplaced by the jury, and a copy was filed for record in the clerk of court’s office on July 13, 1976.
The defendant, police jury, contends it has maintained the roadway for three years, and on October 30, 1975, adopted a resolution recognizing the road as a public road.
In appealing, plaintiffs contend the trial judge erred (1) in holding that they had judicially admitted in their petition that the road had been maintained for three years; (2) in holding that plaintiffs’ objection to the maintenance was ineffective and that the letter must be recorded in the clerk of court’s office to be effective; and (3) in finding as a fact that the police jury had maintained the roadway for three years.
In their brief, defendants-appellees, Peter J. Rudesill and his wife, argue that the trial judge was in error in not awarding damages as requested in their reconventional demand. These defendants-appellees have neither appealed nor answered the appeal, thus judgment as to them is final.
ERROR NO. 1
Though the trial judge in his written reasons for judgment makes mention of the admission by plaintiffs in their petition of the maintenance by the police jury of the roadway for three years, we do not find that the trial judge relied on this for his decision. We note in the record an amended petition filed by the plaintiffs correcting the apparent typographical error in their original petition wherein originally they said the police jury had maintained the roadway for three years.
ERROR NO. 2
We do not find that the trial judge held that for the letter of objection to be effective it must be recorded in the clerk of court’s office. It is obvious, however, that what the trial judge did conclude from the facts presented was that a letter was written, that though it was dated June 30,1975, it was not delivered to the police jury office on that date, nor could plaintiff prove a definite date of delivery. It is apparent that the trial judge could not conclude what date the letter of objection was delivered to the police jury office, and thus he ultimately concluded that if any letter was delivered to the police jury office, it was more than three years after the road had been constructed. We do not find the trial judge to be in error in this finding of fact.
Interestingly, we note that prior to the act of sale on June 30,1975, plaintiffs knew of this gravel road. Additionally, it appeared on the initial survey of the property prepared for the sale. When the attorney handling the act of sale could find nothing in the public records indicating a dedication, *1002 he instructed the surveyor to delete any reference to the roadway from the survey. This was done. With all this information available, rather than have the attorney prepare and submit an objection of continued maintenance to the police jury, concurrently with the execution of the act of sale, plaintiffs chose self help.
ERROR NO. 3
Mr. Claude Polk, an employee of the St. Tammany Parish Police Jury at the time that the road was constructed, testified that construction commenced sometime in July of 1972. He subsequently became a member of the police jury and testified that the roadway was continuously maintained. Additionally Mr. and Mrs. Rudesill testified that whenever potholes appeared in the road, the police jury repaired them. Thus, the trial judge concluded the roadway had been maintained for 3 years. We find no error.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.